**FREEMAN MATHIS & GARY LLP**
MARC J. SHRAKE / Bar No. 219331
mshrake@fmglaw.com
JOSEPH A. GONNELLA / Bar No. 306619
joseph.gonnella@fmglaw.com
550 South Hope Street, 22nd Floor
Los Angeles, CA 90071
Telephone: (213) 615-7000

Attorneys for Plaintiff
ATLANTIC SPECIALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>DAIMLER1 SA, LLC, and DOES 1-100, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Atlantic Specialty Insurance Company ("ASIC"), brings this action against Defendant Daimler1 SA, LLC ("Daimler"), and alleges as follows:

### I. INTRODUCTION

1.  ASIC brings this action seeking a declaratory judgment regarding its rights and obligations under a policy of insurance issued to Daimler with respect to claims filed in a separate lawsuit by a group of individuals and trusts (the "Homeowners") which own property adjoining a marina owned and operated by Daimler in Orange County, California.

1

COMPLAINT                                                          Case No.

2. In October 2020, Daimler filed a lawsuit in California Superior Court for the County of Orange against the Homeowners stating claims for trespass, quiet title, nuisance, and declaratory relief, all based on a dispute over the boundary between Daimler's and the Homeowners' properties.

3. The Homeowners filed a Cross-Complaint against Daimler, which after amendment, states claims seeking only equitable and declaratory relief.

4. Daimler tendered the Homeowners claims against it for defense and indemnity under the Commercial General Liability coverage section of a Marine Package Policy issued by ASIC.

5. ASIC seeks a declaratory judgment holding that there is no coverage under the policy it issued to Daimler for the claims asserted by the Homeowners and Daimler is not owed any defense or indemnity by ASIC with respect to those claims.

## II. THE PARTIES

6. ASIC is an insurance company organized under the laws of New York, with its principal place of business located in Plymouth, Minnesota, which issued a Marine Package Policy to "Mariners Mile, LLC, NB Mariners Mile, LLC; PCH Properties LLC", bearing policy no. B5JH72517, effective May 28, 2020 to May 28, 2021 (the "Policy"). By endorsement dated July 31, 2020, Daimler was added as a Named Insured effective June 24, 2020.[1]

7. Daimler is a limited liability company organized under the laws of the State of Delaware, with its principal place of business located in Newport Beach, California, which, upon information and belief, owns and/or operates Davenport Marina in Huntington Beach, California.

///
///
///

---

[1] The Policy is attached hereto as Exhibit A.

2

COMPLAINT                                                                 Case No.

### III. JURISDICTION AND VENUE

8. This is an action for a declaratory judgment under 28 U.S.C. § 2201, *et seq*.

9. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1332 insofar as there is complete diversity of citizenship between ASIC and Daimler and the costs of defense sought by Daimler under the Policy would exceed $75,000.

10. Venue is proper under 28 U.S.C. § 1391 because Daimler resides within this judicial district and this dispute concerns a policy of insurance delivered to Daimler within this judicial district.

### IV. BACKGROUND

11. The Homeowners are a group of individuals and trusts which own waterfront property around Davenport Marina in Huntington Beach, California.

12. Upon information and belief, in 2020, Daimler purchased Davenport Marina and demanded that the Homeowners remove certain decks and gangways that Daimler alleged encroached upon marina waters or begin making monthly lease payments to Daimler.

13. On October 23, 2020, Daimler filed a lawsuit against the Homeowners in California Superior Court for the County of Orange, titled *Daimler1 SA LLC v. Darryl L. Hann, et al.*, Case No. 30-2020-01166907 (the "Property Litigation").

14. Daimler's Complaint in the Property Litigation states claims against the Homeowners for trespass, quiet title, nuisance, and declaratory relief related to the Homeowners' decks and gangways allegedly encroaching onto the marina waters owned by Daimler.

15. The Homeowners subsequently filed a Cross-Complaint which, after amendment, states the following claims against Daimler:

    A. Quiet Title to Implied Easement;
    B. Quiet Title to Prescriptive Easement;

   C. Quiet Title by Adverse Possession of Property;

   D. Quiet Title to Equitable Easement; and

   E. Declaratory Judgment.[2]

16.  The claims pled by the Homeowners against Daimler in the Cross-Complaint seek only equitable and declaratory relief, not monetary damages.

17.  Daimler tendered to ASIC the claims by the Homeowners against Daimler in the Property Litigation for defense and indemnity under the Commercial General Liability coverage section of the Policy.

18.  By correspondence dated March 31, 2021, ASIC disclaimed coverage for the Homeowners' claims against Daimler in the Property Litigation.

19.  Despite ASIC's declination of coverage, Daimler continues to demand that ASIC provide it with defense and indemnity from the Homeowners' claims in the Property Litigation.

20.  In light of the foregoing, there is an actual justiciable controversy between ASIC and Daimler which ASIC seeks to resolve through a declaratory judgment confirming that there is no coverage under the Policy for the claims made by the Homeowners against Daimler in the Property Litigation.

## V.  THE POLICY

21.  The Commercial General Liability section of the ASIC policy, states in pertinent part:

/ / /

/ / /

/ / /

/ / /

/ / /

---

[2] The current iteration of the Cross-Complaint, the Homeowners' Second Amended Cross-Complaint, is attached as Exhibit B.

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

**I. COVERAGES**

**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

   **1. Insuring Agreement**

      a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply...

* * *

      b. This insurance applies to "bodily injury" and "property damage" only if:

         **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

         **(2)** The "bodily injury" or "property damage" occurs during the policy period . . . .[3]

* * *

   **2. Exclusions**

This insurance does not apply to:

      **a. Expected or Intended Injury**

         "Bodily injury" or "property damage" expected or intended from the standpoint of the insured…[4]

* * *

---

[3] Ex. A, Policy, at 33.

[4] *Id*. at 34.

**SECTION V – DEFINITIONS**

\* \* \*

3. "Bodily Injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

17. "Property damage" means:

   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it. [5]

\* \* \*

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABLITY**

**1. Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply… [6]

\* \* \*

**2. Exclusions**

This insurance does not apply to:

\* \* \*

---

[5] *Id*. at 45-48.

[6] *Id*. at 38.

**b. Knowing Violation of Rights of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury."

* * *

**c. Material Published with Knowledge of Falsity**

"Personal and advertising injury" arising out of oral or written publication, in any manner, of material, if done by or at the direction of the insured with knowledge of its falsity.[7]

* * *

**SECTION V- DEFINITIONS**

* * *

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

   a. False arrest, detention or imprisonment;

   b. Malicious prosecution;

   c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord, or lessor;

   d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

   e. Oral or written publication, in any manner, of material that violates a person's right of privacy;

   f. The use of another's advertising idea in your "advertisement"; or

---

[7] *Id*.

    g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".[8]

22. There is no coverage owed to Daimler under the Policy for the claims by the Homeowners in the Property Litigation.

## VI. COUNT ONE
### No Coverage Under the Policy

23. ASIC repeats and realleges the allegations of paragraphs 1 through 22 as if fully set forth herein.

24. The claims pled by the Homeowners in the Property Litigation and the terms of the Policy establish that there is no coverage for Daimler with respect to the Homeowners' claims and Daimler is not owed any defense or indemnity with respect to the Property Litigation.

25. Coverage A and Coverage B of the Commercial General Liability Coverage Section provide indemnity only for an award of monetary damages against the insured, and those same provisions provide defense coverage only for claims seeking monetary damages.

26. The Homeowners' Cross-Complaint seeks no monetary damages from Daimler, only equitable and declaratory relief.

27. Because the Homeowners' claims do not seek monetary damages from Daimler, those claims are not covered by Coverage A or Coverage B of the Policy's Commercial General Liability coverage section.

28. Given the foregoing, there is no coverage for Daimler under the ASIC Policy with respect to the Cross-Complaint in the Property Litigation, and ASIC has no duty to defend or indemnify Daimler with respect to the Property Litigation.

/ / /

---

[8] *Id.* at 47.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Atlantic Specialty Insurance Company prays as follows:

1. For a declaration that there is no coverage under the Policy for the Homeowners' claims against Daimler in the Property Litigation; and

2. All other relief deemed appropriate by this Court.

Dated: April 7, 2022

FREEMAN MATHIS & GARY, LLP

By: _s/ Joseph A. Gonnella_
MARC J. SHRAKE
JOSEPH A. GONNELLA
Attorneys for Plaintiff
ATLANTIC SPECIALTY
INSURANCE COMPANY